UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J.R. ROSE,                                  Case No. 1:13-cv-213
    Plaintiff,

                                        Dlott, J.
vs                                          Bowman, M.J.


JUDGE MICHAEL J. SAGE,                      REPORT AND
    Defendant.                          RECOMMENDATION


    Plaintiff, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a complaint against Michael J. Sage, a judge on the Butler County, Ohio, Court of Common Pleas. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against Judge Sage, essentially challenging the state-court judge's ruling on April 23, 2012, declaring plaintiff to be a "vexatious litigator" in a civil case that plaintiff had filed against Mary G. Paullus and others in the Butler County Common Pleas Court. (*See* Doc. 1, Complaint, pp. 2, 5). As background, plaintiff alleges that he was solicited by "family and friends" to invest their monies along with his own in the stock market and sought the advice of a brokerage firm in doing so. (*Id.*, p. 5). Plaintiff states: "Unfortunately, with the market's demise, the 'partners' lost a vast majority of their disposable income." (*Id.*). Plaintiff further avers that he pleaded to "erroneous charges" and "voluntarily divested [himself] of [his] assets for remedy to the partners." (*Id.*). Although the complaint is difficult to follow, it appears that plaintiff brought the civil action in the Butler County court against his "partners" in the stock market investment enterprise because they "breached their agreement" with him and provided false information regarding their "losses to the Butler County Court, . . . tax agencies, and various insurance carriers." (*Id.*). Plaintiff claims that in presenting "these facts, with evidence to the court, [he] was denied due process and equal protection and wrongfully declared a vexatious litigator" in the state court proceeding. (*Id.*).

Plaintiff does not seek damages as relief. (*See id.*, p. 6). Instead, he requests "injunctive

relief from the declaration of vexatious litigator and the right of due process and equal protection under the law." (*Id.*).

Upon review of plaintiff's allegations, the undersigned concludes that this Court lacks jurisdiction to consider plaintiff's complaint. Under the *Rooker-Feldman* doctrine, which arose from the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the lower federal courts are precluded "from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis,* 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). The doctrine is premised on the "the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) (and cases cited therein).

The Sixth Circuit has held that the "pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of injury upon which plaintiff bases his federal claim is the state court judgment." *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) (internal citation and quotation omitted). "This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds." *Id.* (quoting *In re Cook*, 551 F.3d at 548); *see also Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008). Relevant factors to consider in determining whether the plaintiff's claims are barred from review by *Rooker-*

4

*Feldman* include "the nature of the relief demanded and the particular injury alleged." *See Howard v. Whitbeck*, 382 F.3d 633, 639 (6th Cir. 2004); *cf. Catudal v. Browne*, No. 2:12cv197, 2012 WL 1476088, at *2 (S.D. Ohio Apr. 24, 2012) (Frost, J.) (in determining that the plaintiff's claims against the judicial defendants were barred by *Rooker-Feldman*, the district court relied on the fact that the "injunctive relief" ultimately sought by the plaintiff was another state-court trial and that the source of the plaintiff's alleged injuries were "the rulings and . . . judgment of the state court").

In this case, it is clear from the face of the complaint that *Rooker-Feldman* applies to bar this Court from exercising jurisdiction over plaintiff's claims challenging an unfavorable judgment rendered by the defendant state-court judge almost a year before the instant action commenced. *See Lance*, 546 U.S. at 460. The source of plaintiff's injury upon which he bases his federal complaint is the decision by the defendant declaring plaintiff to be a vexatious litigator in the state-court civil action that he had filed against partners in an unsuccessful stock market venture. Plaintiff only seeks injunctive relief in the form of an order overruling the defendant's "vexatious litigator" determination so that he can proceed with his claims against the defendants in the state-court matter. Plaintiff's conclusory assertion that he was denied "due process" and "equal protection" in the state-court proceeding does not provide the Court with jurisdiction to consider plaintiff's claims. *Cf. Catudal v. Browne*, *supra*, 2012 WL 1476088, at *2 (adopting Report and Recommendation to dismiss the complaint at screening stage because the plaintiff's claims that the state judicial defendants violated his due process and equal protection rights by their various rulings in state-court divorce and child custody proceedings were barred by *Rooker-Feldman*); *see also Saunders v. Obama*, No. 1:10cv836, 2012 WL

5

1606664, at *5-6 (S.D. Ohio May 7, 2012) (Barrett, J.).

Accordingly, in sum, the complaint should be dismissed with prejudice on the ground that the Court lacks subject matter jurisdiction to consider plaintiff's claims.  *See* 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J.R. ROSE,                         Case No. 1:13-cv-213
     Plaintiff,

                              Dlott, J.
vs                               Bowman, M.J.

JUDGE MICHAEL J. SAGE,

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc